**UNITED STATES DISTRICT COURT**
**OF THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| MONTGOMERY BANK, N.A. | |
|      Plaintiff, | |
| v. | |
| RIVERBEND GOLF & COUNTRY CLUB, INC.; PIKE CREEK TURF FARMS, INC.; LEE COUNTY; SOUTHERN GULF EQUIPMENT RENTAL & SALES, INC.; and RIVERBEND HOMEOWNERS ASSOCIATION OF LEE COUNTY, INC.; | Case No. |
|      Defendants. | |

**COMPLAINT FOR COMMERCIAL FORECLOSURE AND OTHER RELIEF**

Plaintiff MONTGOMERY BANK, N.A., sues Defendants, RIVERBEND GOLF & COUNTRY CLUB, INC.; PIKE CREEK TURF FARMS, INC.; LEE COUNTY; SOUTHERN GULF EQUIPMENT RENTAL & SALES, INC.; and RIVERBEND HOMEOWNERS ASSOCIATION OF LEE COUNTY, INC.; and alleges the following:

**GENERAL ALLEGATIONS**

*Parties, Jurisdiction, and Venue*

1.    This is an action for foreclosure of a mortgage lien on real property located in Lee County, Florida, and to secure other attendant relief. Montgomery Bank, N.A. ("**Bank**") is a citizen of a different state than the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

2.    Bank is a national association transacting business in Lee County, Florida. Bank maintains its headquarters and main office in Sikeston, Missouri.

3.     Defendant Riverbend Golf & Country Club, Inc. ("**Riverbend**"), is a Florida corporation with its principal place of business and center of direction, control, and coordination in Florida and doing business in Lee County, Florida.   Thomas R. Hoolihan, Jr. (Mr. Hoolihan) and Kerry R. Hoolihan (Mrs. Hoolihan) (collectively sometimes referred to as "**Borrowers**") own and control Riverbend.  They also signed a series of Notes, discussed in detail below, and caused Riverbend and another affiliate, Vision One Management Group, Inc. ("**Vision**") to pledge certain real property to secure repayment of the Notes.  Following default, Bank sued, *inter alios*, Borrower, Riverbend and Vision to foreclose on its mortgage.  That case was brought in this Court *Montgomery Bank, N.A. v. Hoolihan, et al*, Case No. 2:16-cv-173.  On February 2, 2017, the parties mediated to settlement.   Under that Agreement, Borrowers, Riverbend and Vision stipulated to final judgment of foreclosure, to be entered only if Borrowers did not pay Bank a sum certain by July 18, 2017.  As part of that settlement, and in return for a waiver of all claims and defenses from Borrowers, Bank waived its right to a deficiency judgment under the Notes and the personal guarantees of Borrowers, Riverbend and Vision.  Riverbend, Vision and Borrowers agreed to cooperate with Bank in the event of a post-settlement default and subsequent foreclosure.  Because this Court granted Bank's motion to dismiss but would not agree to retain jurisdiction to enforce the settlement should the payment not be made, the 2016 foreclosure was dismissed and the case closed. Borrowers did not pay Bank as required under the settlement.  This lawsuit followed.

4.     Defendant, Pike Creek Turf Farms, Inc. ("**Pike Creek**"), is a Georgia corporation with its principal place of business and center of direction, control, and coordination in Georgia and doing business in Lee County, Florida.

5.      Defendant, Lee County, Florida, ("**Lee County**") is a political subdivision of the State of Florida.

6.      Defendant Southern Gulf Equipment Rental and Sales, Inc., ("**Southern**") is a Florida corporation with its principal place of business and center of direction, control, and coordination in Florida and doing business in Lee County, Florida.

7.      Defendant Riverbend Homeowners Association of Lee County, Inc. ("**Association**"), is a Florida not for profit corporation with its principal place of business in Florida and doing business in Lee County, Florida.

8.      This Court possesses jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

9.      Venue in the Middle District of Florida accords with 28 U.S.C. § 1391 because the property at issue herein is located in the Middle District of Florida and the Defendants transact business in the Middle District of Florida.

10.      All conditions precedent to this action were performed, waived, or excused.

### *The Loan*

11.      Riverbend owns the property described in the legal description attached hereto as **Exhibit "A"** (the "**Property**").

12.      On or about September 6, 2007, Mr. and Mrs. Hoolihan executed and delivered to Bank a promissory note (the "**Note**") in the original principal amount of $1,100,000.00, or so much as may be outstanding (the "**Loan**").

13.      Mr. and Mrs. Hoolihan are the president and secretary, respectively, of Riverbend and Vision.

14.     The Note was modified periodically to extend the maturity date of the Loan, namely, by the following:

(a)     That certain Renewal Promissory Note (With Future Advance) dated as of July 30, 2009, in the original principal amount of *ONE MILLION TWO HUNDRED TWO THOUSAND and 00/100 DOLLARS ($1,202,000.00)* given by Borrowers to Bank;

(b)     that certain Renewal Promissory Note dated as of October 5, 2009, in the original principal amount of *ONE MILLION One HUNDRED forty-eight THOUSAND NINE hundred NINETY-NINE and 99/100 DOLLARS ($1,148,999.99)* given by Borrowers to Bank;

(c)     that certain Renewal Promissory Note dated as of April 5, 2010, in the original principal amount of *ONE MILLION One HUNDRED FIFTY THOUSAND NINE hundred TWENTY-SIX and 89/100 DOLLARS ($1,150,926.89)* given by Borrowers to Bank;

(d)     that certain Renewal Promissory Note dated as of August 5, 2010, in the original principal amount of *ONE MILLION One HUNDRED TWENTY-SEVEN THOUSAND SEVEN hundred FIFTY-FOUR and 51/100 DOLLARS ($1,127,754.51)* given by Borrowers to Bank;

(e)     that certain Renewal Promissory Note dated as of July 31, 2012, in the original principal amount of *ONE MILLION One HUNDRED TWENTY-SEVEN THOUSAND SEVEN hundred FIFTY-FOUR and 51/100 DOLLARS ($1,127,754.51)* given by Borrowers to Bank;

(f)     that certain Renewal Promissory Note dated as of November 30, 2012, in the original principal amount of *ONE MILLION One HUNDRED FIVE THOUSAND TWO hundred FIFTY-FOUR and 51/100 DOLLARS ($1,105,254.51)* given by Borrowers to Bank;

(g)     that certain Renewal Promissory Note dated as of January 30, 2013, in the original principal amount of *ONE MILLION One HUNDRED FIVE THOUSAND TWO hundred FIFTY-FOUR and 51/100 DOLLARS ($1,105,254.51)* given by Borrowers to Bank;

(h)     that certain Renewal Promissory Note dated as of April 15, 2013, in the original principal amount of *ONE MILLION One HUNDRED FIVE THOUSAND TWO hundred FIFTY-FOUR and 51/100 DOLLARS ($1,105,254.51)* given by Borrowers to Bank;

(i)     that certain Renewal Promissory Note dated as of September 30, 2013, in the original principal amount of *ONE MILLION One HUNDRED FIVE THOUSAND TWO hundred FIFTY-FOUR and 51/100 DOLLARS ($1,105,254.51)* given by Borrowers to Bank;

(j)     that certain Renewal Promissory Note dated as of March 30, 2014, in the original principal amount of *ONE MILLION ONE HUNDRED FIVE THOUSAND TWO HUNDRED FIFTY-FOUR and 51/100 DOLLARS ($1,105,254.51)* given by Borrowers to Bank;

(k)     that certain Renewal Promissory Note dated as of September 30, 2014, in the original principal amount of *ONE MILLION ONE HUNDRED FIVE THOUSAND TWO HUNDRED FIFTY-FOUR and 51/100 DOLLARS ($1,105,254.51)* given by Borrowers to Bank;

(l)     that certain Renewal Promissory Note dated as of January 30, 2015, in the original principal amount of *ONE MILLION ONE HUNDRED EIGHT THOUSAND TWO HUNDRED FIFTY-FOUR and 51/100 DOLLARS ($1,108,254.51)* given by Borrowers to Bank; and

(m)     that certain Renewal Promissory Note dated as of April 30, 2015, in the original principal amount of *ONE MILLION ONE HUNDRED EIGHT THOUSAND TWO HUNDRED FIFTY-FOUR and 51/100 DOLLARS ($1,108,254.51)* given by Borrowers to Bank (the April 30, 2015 renewal note shall be referenced as the "**Final Renewal Note**").  A true and correct copy of the Final Renewal Note is attached as **Exhibit "B."**

15.     The Loan is secured by a mortgage executed by Riverbend and Vision dated September 6, 2007, as subsequently modified (this mortgage, together with all modifications thereto, shall be referenced as the "**Mortgage**"), which encumbers the Property. The Mortgage was recorded at Instrument No. 2007000294970 of the Public Records of Lee County, Florida. A true and correct copy of the Mortgage is attached as **Exhibit "C**."

16.     To evidence the extension of the maturity dates under the Renewal Promissory Notes set forth above, Mortgage Modification Agreements, as described below, were executed in conjunction with the Renewal Promissory Notes and recorded in the Public Records of Lee County, Florida and are attached hereto as **Composite Exhibit "D"**:

(a)     that certain Mortgage Modification Agreement dated as of July 30, 2009, as recorded at Instrument #2009000226877, of the Public Records of Lee County, Florida;  as modified by

(b)     that certain Mortgage Modification Agreement dated as of October 5, 2009, as recorded at Instrument #2009000330603, of the Public Records of Lee County, Florida; as modified by

(c)     that certain Mortgage Modification Agreement dated as of April 5, 2010, as recorded at Instrument #2010000179987, of the Public Records of Lee County, Florida; as modified by

(d)     that certain Mortgage Modification Agreement dated as of August 5, 2010, as recorded at Instrument #2011000215900, of the Public Records of Lee County, Florida; as modified by

(e)     that certain Mortgage Modification Agreement dated as of July 31, 2012, as recorded at Instrument #2012000243761, of the Public Records of Lee County, Florida; as modified by

(f)     that certain Mortgage Modification Agreement dated as of November 30, 2012, as recorded at Instrument #2013000009061, of the Public Records of Lee County, Florida; as modified by

(g)     that certain Mortgage Modification Agreement dated as of January 30, 2013, as recorded at Instrument #2013000090723, of the Public Records of Lee County, Florida; as modified by

(h)     that certain Mortgage Modification Agreement dated as of April 15, 2013, as recorded at Instrument #2013000166641, of the Public Records of Lee County, Florida; as modified by

(i)     that certain Mortgage Modification Agreement dated as of September 30, 2013, as recorded at Instrument #2013000242618, of the Public Records of Lee County, Florida; as modified by

(j)     that certain Mortgage Modification Agreement dated as of March 30, 2014, as recorded at Instrument #2014000124461, of the Public Records of Lee County, Florida; as modified by

(k)     that certain Mortgage Modification Agreement dated as of September 30, 2014, as recorded at Instrument #2014000210366, of the Public Records of Lee County, Florida; as modified by

(l)   that certain Mortgage Modification, Hypothecation and Spreader Agreement dated as of January 30, 2015, as recorded at Instrument #2015000051918, of the Public Records of Lee County, Florida; as modified by

(m)   that certain Mortgage Modification and Hypothecation Agreement dated as of April 30, 2015, as recorded at Instrument #2015000123132, of the Public Records of Lee County, Florida.

17.   The Note and all change in terms, modifications, and renewals thereto including the Final Renewal Note; the Mortgage and all mortgage modifications thereto; the guaranties; the Ratification of Loan Documents, and all other documents that evidence or secure the Loan, shall be collectively referred to herein as the "**Loan Documents**."

### *The Initial Default*

18.   Mr. and Mrs. Hoolihan defaulted under the Loan Documents by failing to remit payment in full of the Final Renewal Note on or before July 30, 2015, its maturity date or by the date set forth in the mediated Settlement Agreement (the "**Default**").

19.   Mr. and Mrs. Hoolihan owe Bank $1,155,896.33 in principal under the Loan Documents, plus accrued interest, late fees, attorneys' fees and other charges, if any (the "**Outstanding Balance"**).

20.   Neither Riverbend nor Vision have remitted payment of the Outstanding Balance or otherwise cured the Default.

21.   Bank owns and holds the Loan Documents.

22.   On or about August 27, 2015, Bank provided notice of the Initial Default to Mr. and Mrs. Hoolihan.

23.   Bank retained the undersigned counsel in connection with this action and is obligated to pay them their reasonable attorneys' fees, which fees are recoverable from Borrowers, Riverbend, and Vision in accordance with the Loan Documents.

QB\47480538.1

*Additional Named Defendants*

24.     Defendant Pike Creek may claim some interest in the Property pursuant to the Judgment recorded at Instrument No. 2015000011690 of the Public Records of Lee County, Florida; however, Pike Creek's interest, if any, is inferior and subordinate to the lien of Bank's Mortgage.

25.     Defendant Lee County may claim some interest in the Property pursuant to the Code Enforcement Orders recorded at Instrument Nos. 2015000032846 and 2015000071704 of the Public Records of Lee County, Florida.  Lee County's interest, if any, is inferior and subordinate to the lien of Bank's Mortgage.

26.     Defendant Southern may claim some interest in the Property pursuant to the Small Claims Record of Agreement recorded at Instrument No. 2015000145353 of the Public Records of Lee County, Florida. Southern's interest, if any, is inferior and subordinate to the lien of Bank's Mortgage.

27.     Defendant Association may claim some interest in the Property pursuant to the Deed of Restrictions, as amended, recorded at Official Records Book 1520, Page 2321, of the Public Records of Lee County, Florida, as subsequently amended. Association's interest, if any, is inferior and subordinate to the lien of Bank's Mortgage.

## COUNT I
## MORTGAGE FORECLOSURE v. ALL DEFENDANTS

28.     Bank re-alleges the General Allegations as though fully set forth herein.

29.     This is an action for foreclosure of the Mortgage, as modified, against the Property.

30.     Defendant Borrowers have defaulted under the terms of Loan Documents, including the Final Renewal Note and Mortgage, by permitting the Default.

31.     As a result of the maturity of the Final Renewal Note and the foregoing Default, Bank is owed the Outstanding Balance and has declared said amount now due.

32.     Borrowers owe Bank the Outstanding Balance.

33.     The lien of Bank's Mortgage is superior in dignity to any right, title, claim, or interest of all Defendants named in this action.

**WHEREFORE**, Bank demands judgment in its favor and against all Defendants as follows:

(a)     awarding a judgment (solely to effectuate the foreclosure and not to obatin a deficiency) against Riverbend for the Outstanding Balance;

(b)     determining that Bank holds a lien on the Property for the Outstanding Balance, which lien is superior to any claim or interest of Riverbend, all persons claiming by, through, under or against Riverbend, and all other Defendants named in this action, since the filing of the Notice of Lis Pendens;

(c)     directing that if the Outstanding Balance is not paid within the time set by this Court, that the Property be sold to satisfy Bank's claims;

(d)     foreclosing the Mortgage on the Property and the interest of Riverbend, all persons claiming under or against Riverbend, and all other Defendants named in this action, since the filing of the Notice of Lis Pendens;

(e)     directing that upon foreclosure of the Mortgage as to the Property, a Writ of Possession shall be issued evicting Riverbend and all persons claiming by, through, under or against Riverbend as to the Property; and

(g)     directing such other and further relief as this Court deems just and appropriate.

QB\47480538.1

Dated this 10th day of August, 2017.        QUARLES & BRADY LLP


By: /s/Philip V. Martino
    Philip V. Martino
    Florida Bar No.: 79189
    101 East Kennedy Boulevard
    Suite 3400
    Tampa, FL 33602
    (813) 387-0263 Telephone
    (813) 387-1763 Facsimile
    Philip.martino@quarles.com
    nichole.perez@quarles.com
    Docketfl@quarles.com
    Attorney for Montgomery Bank, N.A.

QB\47480538.1