```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MONTGOMERY BANK, N.A.,

      Plaintiff,

v.                              Case No: 2:17-cv-459-FtM-99CM

RIVERBEND GOLF & COUNTRY
CLUB, INC., PIKE CREEK TURF
FARMS, INC., LEE COUNTY,
SOUTHERN GULF EQUIPMENT
RENTAL & SALES, INC., and
RIVERBEND HOMEOWNERS
ASSOCIATION OF LEE COUNTY,
INC.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Montgomery Bank N.A.'s ("Montgomery Bank") Motion for Summary Judgment and Default Judgment (Doc. #50) filed on June 5, 2018.  Montgomery Bank moves for Summary Judgment against the only two defendants who filed answers in this case - Riverbend Golf & Country Club ("Riverbend") and Lee County.  Riverbend and Lee County have stipulated to the entry of Summary Judgment as set forth in plaintiff's motion. (Docs. ##52, 53.)  Plaintiff moves for default judgment against Pike Creek Turf Farms, Inc. ("Pike"), Southern Gulf Equipment Rental & Sales, Inc. ("Southern"), and Riverbend Homeowners Association of Lee County, Inc. ("Homeowners") (collectively the

"Default Defendants"). No response has been filed by the Default Defendants and the time to do so has expired.

## I. Summary Judgment

This is an action to foreclose a mortgage lien on commercial property located at 6270 and 6450 River Club Court, North Fort Myers, Florida (the "Property").[1] Defendant Riverbend Golf & Country Club, Inc. owns the Property. Riverbend is owned and controlled by Thomas and Kerry Hoolihan. (Doc. #1, ¶ 3.) The Hoolihans signed a series of Notes, pledging the Property to secure repayment of the Notes. (Id., ¶ 11, Doc. #1-1.) Specifically, on or about September 6, 2007, the Hoolihan's executed and delivered to Montgomery Bank a promissory note (the "Note") in the original principal amount of $1,100,000. (Id., ¶ 12.) The Note was modified periodically to extend the maturity date of the Loan. (Id., ¶ 14; Doc. #1-2.) The Loan is secured by a mortgage executed by Riverbend and Vision One Management Group, Inc., dated September 6, 2007, as subsequently modified, which encumbers the Property. (Id., ¶ 15; Doc. #1-3.) Mortgage modification agreements were executed in conjunction with certain renewal promissory notes. (Id., ¶ 16; Doc. #1-4.) The Note, Mortgage, and modifications will be referred to herein as the "Loan Documents."

---

[1] A legal description of the Property is attached as Exhibit 1 to the Complaint (Doc. #1-1) and the Motion for Summary and Default Judgment (Doc. #50-1).

The Hoolihans defaulted under the Loan Documents by failing to remit payment in full on or before July 30, 2015, its maturity date. Following default, Montgomery Bank sued the Hoolihans, Riverbend, and Vision to foreclose on its mortgage. That case was brought in this Court as <u>Montgomery Bank, N.A. v. Hoolihan, et al.</u>, Case No. 2:16-cv-173. In that action, the parties reached a mediated settlement agreement (the "Settlement Agreement") in which the Hoolihans agreed to pay Montgomery Bank a sum certain by July 18, 2017. The Settlement Agreement is attached to the Motion for Summary and Default Judgment as Exhibit 2. (Doc. #50-2.)

Under the Settlement Agreement, the Hoolihans, Riverbend, and Vision stipulated to final judgment of foreclosure, to be entered only if Borrowers did not pay Montgomery Bank a sum certain by July 18, 2017. As part of that settlement, and in return for a waiver of all claims and defenses from the borrowers, Montgomery Bank waived its right to a deficiency judgment under the Notes and the personal guarantees of the Hoolihans, Riverbend, and Vision. The Hoolihans, Riverbend, and Vision agreed to cooperate with Montgomery Bank in the event of a post-settlement default and subsequent foreclosure. Because this Court granted Bank's motion to dismiss but would not agree to retain jurisdiction to enforce the settlement should the payment not be made, the 2016 foreclosure case was dismissed and closed. Borrowers did not pay Montgomery Bank as required under the settlement and this lawsuit followed.

Plaintiff filed a one-count Complaint for mortgage foreclosure. (Doc. #1.)

Following Montgomery Bank's filing of the Motion for Summary Judgment, defendant Riverbend stipulated to the entry of summary judgment consistent with plaintiff's Motion with the proviso that the sale date of the Property be no sooner than September 1, 2018, and that the equity of redemption may be exercised at any time prior to the filing of a certificate of sale. (Doc. #52.) A Supplemental Stipulation to Entry of the Final Judgment was filed on June 28, 2018 (Doc. #53), wherein defendants Riverbend and Lee County stipulated to the entry of a final judgment of foreclosure as requested in plaintiff's Motion for Summary Judgment. (Doc. #53.) The parties also attached a proposed final judgment of foreclosure and order of sale to be entered by the Court. (Doc. #53-1.)

The Court finds that a final foreclosure on the Property is appropriate. The parties seek an appointment of a special master to conduct the foreclosure sale. The desired Special Master filed a Declaration (Doc. #50-8) indicating no relationship to the case that would prevent his appointment. The Court will appoint Daniel Feinman.

## II. Default Judgment

Montgomery Bank seeks a final default judgment against the remaining defendants who failed to respond in this case - Pike

Creek Turf Farms, Inc., Southern Gulf Equipment Rental & Sales, Inc., and Riverbend Homeowners Association of Lee County, Inc. ("Default Defendants"). The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal citations omitted).

The Complaint alleges that the Default Defendants may claim some interest in the Property; however, the Default Defendants' interest, if any, is inferior and subordinate to the lien of the Bank's Mortgage. (Doc. #1, ¶¶ 24, 26-27.)

After service of process and finding no response to the Complaint, plaintiff moved for and was granted a Clerk's default, entered September 21, 2017. (Doc. #27.) The Court finds that plaintiff has met all necessary prerequisites for a default judgment. The Court further finds that the allegations in the Complaint are deemed admitted, and sufficiently pled to support a

default judgment in favor of the plaintiff to the extent that any lien or interest the Default Defendants may claim on the Property is deemed junior to that of Montgomery Bank.

Accordingly, it is now

**ORDERED:**

1. Montgomery Bank N.A.'s Motion for Summary Judgment and Default Judgment (Doc. #50) is **GRANTED** and plaintiff is granted the relief sought in Count I of the Complaint.

2. The Court appoints Daniel Feinman, Esq. as special master to conduct the foreclosure sale.

3. The Final Judgment of Foreclosure will be entered by separate order. The Clerk shall enter judgment in favor of Montgomery Bank as to Count I against all defendants, and pursuant to the Final Judgment of Foreclosure. The Clerk is further directed to terminate all deadlines and motions, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this _13th_ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record